IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Helen Volpenhein,            )
                             )
    Plaintiff,           ) Case No. 1:13-CV-235
                             )
  vs.                        )
                             )
Carolyn W. Colvin, Commissioner )
of Social Security,          )
                             )
    Defendant.           )

O R D E R

    This matter is before the Court on Magistrate Judge Bowman's Report and Recommendation of August 1, 2014 (Doc. No. 15) and Plaintiff Helen Volpenhein 's objections to the Report and Recommendation.  Doc. No. 16.  In her Report and Recommendation, Judge Bowman concluded that the Administrative Law Judge's ("ALJ") determination that Plaintiff is not disabled under the Social Security regulations was supported by substantial evidence.  Judge Bowman, therefore, recommended that the ALJ's decision be affirmed.  Finding no error in Judge Bowman's analysis, Plaintiff's objections to the Report and Recommendation are not well-taken and are **OVERRULED.**  The Court **ADOPTS** the Report and Recommendation.  The decision of the ALJ finding that Plaintiff is not disabled is **AFFIRMED**.

    The relevant statute provides the standard of review to be applied by this Court in reviewing decisions by the ALJ.  See 42 U.S.C. § 405(g).  The Court is to determine only whether the record as a whole contains substantial evidence to support the ALJ's decision.  "Substantial evidence means more than a mere scintilla of evidence, such evidence as a reasonable mind might accept as adequate to support a

conclusion." LeMaster v. Secretary of Health & Human Serv., 802 F.2d 839, 840 (6th Cir. 1986) (internal citation omitted). The evidence must do more than create a suspicion of the existence of the fact to be established. Id. Rather, the evidence must be enough to withstand, if it were a trial to a jury, a motion for a directed verdict when the conclusion sought to be drawn from it is one of fact for the jury. Id. If the ALJ's decision is supported by substantial evidence, the Court must affirm that decision even if it would have arrived at a different conclusion based on the same evidence. Elkins v. Secretary of Health & Human Serv., 658 F.2d 437, 439 (6th Cir. 1981). The district court reviews de novo a magistrate judge's report and recommendation regarding Social Security benefits claims. Ivy v. Secretary of Health & Human Serv., 976 F.2d 288, 289-90 (6th Cir. 1992).

  The Court will not repeat Magistrate Judge Bowman's thorough analysis of Plaintiff's claim and the ALJ's decision because it is not necessary to resolve Plaintiff's objections to the Report and Recommendation. The issue presented by Plaintiff's objections is the ALJ's determination that the she is not disabled under the Social Security regulations because she has the mental residual functional capacity to perform her past relevant work as a receptionist.

  First, Plaintiff contends that the ALJ erred in rejecting her treating physician's opinion that "it would be impossible for [Plaintiff] to find a job" due to impairments with her equilibrium and memory. The ALJ did not err in rejecting this opinion because the ultimate issue on disability is reserved for the Commissioner and a treating physician's conclusory opinion on this question is not entitled to any deference. Warner v. Commissioner of Social Sec., 375 F.3d 387, 390 (6th Cir. 2004).

Second, Plaintiff contends that the ALJ erred in finding she has the mental residual functional capacity to perform semi-skilled work, which is a requirement for performing her past job as a receptionist. Plaintiff notes that the opinion of the consultative examining psychologist, Dr. Deardorff, to which the ALJ gave "great weight," stated that her attention and concentration skills are "marginally adequate" and that she might have mild limitations performing even simple, repetitive tasks. The Court finds that the ALJ's determination that Plaintiff has no significant mental impairments was supported by substantial evidence. Dr. Deardorff's addition of the qualifier "marginally" does not indicate that Plaintiff's ability to sustain concentration and attention is insufficient to perform semi-skilled work. In context, the definition of "marginal" means "close to the lower limit of qualification or acceptability." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1381 (1971). In other words, "marginally adequate" abilities are still "adequate." Dr. Deardorff also described Plaintiff's ability to maintain attention, concentration, persistence and pace as being only mildly impaired. Tr. 340. Contrary to Plaintiff's argument, Dr. Deardorff did not opine that she would be mildly limited in performing simple, repetitive tasks. Instead, he stated that she "very likely" can maintain sufficient concentration, persistence, and pace to perform simple, repetitive tasks. Id. The ALJ reasonably interpreted Dr. Deardorff's opinion as indicating that Plaintiff had no significant limitations in her ability to sustain concentration, persistence and pace.

<u>Conclusion</u>

Plaintiff's objections to the Report and Recommendation are not well-taken and are **OVERRULED.** The Court **ADOPTS** the Report and Recommendation. The decision of the ALJ is **AFFIRMED. THIS CASE IS CLOSED.**

    **IT IS SO ORDERED**

Date September 30, 2014                                       s/Sandra S. Beckwith
                                                                         Sandra S. Beckwith
                                    Senior United States District Judge